UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

 UNITED STATES OF AMERICA,

                                          **MEMORANDUM & ORDER**
                    -against-                  21-CR-572 (EK)


 CHARLES POWELL, BRIAN CASTRO, and
 MUSAH COWARD,

                    Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

          Prior to trial in this case, the government moved *in limine* to introduce photos, videos, and text messages purporting to show the defendants' access to firearms.  *See* Gov. First. Mot. in Limine 37-42, ECF No. 192.  The government obtained this evidence from cloud-storage accounts maintained by Apple Inc. and alleged to be associated with the defendants.  Each defendant objected to the admission of some or all of this material, invoking Federal Rules of Evidence 401, 403, and 404.

          The Court directed the government to identify the precise firearm-related exhibits it wished to introduce, as well as the "logical basis for the relevance of each such exhibit." *See* Docket Order dated January 13, 2025.  In response, the government reduced — by a factor of approximately ten — the

number of firearm-related exhibits it sought to admit.[1]  The government no longer sought admission of exhibits depicting the defendants with firearms long before and after the charged conduct.  And the government withdrew exhibits showing the defendants with heavier armaments such as assault rifles.  They ultimately offered, and the Court ultimately ruled admissible, one photograph and five videos showing the defendants holding handguns, as well as several text-chat threads in which the defendants discuss firearms.  This memorandum sets out the basis for the Court's ruling.

## Discussion

Where, as here, a party seeks to admit evidence under Rule 404(b), the analysis proceeds in three steps.  First, the Court must confirm that the evidence is offered for a proper purpose — that is, "a purpose other than to prove the defendant's bad character or criminal propensity." *United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989).[2]  For decades, the Second Circuit has evaluated 404(b) evidence under an "inclusionary approach," allowing admission "for any purpose other than to show a defendant's criminal propensity." *United*

---

[1]  The pre-marked exhibits that the government initially exchanged with the defendants included dozens of photos, videos, and chats in which the defendants displayed, used, or discussed firearms.

[2]  Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

*States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992).  Second, the Court must find that the evidence is not unduly prejudicial under Rule 403.  *Colon*, 880 F.2d at 656.  Third, the Court must (if requested) "give an appropriate limiting instruction to the jury."  *Id.*

Evidence of firearms possession is typically admitted to show "that the defendant had the opportunity to access firearms."  *United States v. Bailey*, 800 F. App'x 35, 37 (2d Cir. 2020) (collecting cases).  This does not mean, however, that the government may simply intone the phrase "access to firearms" and thereby render admissible every photograph, video, or text message involving a defendant and a firearm.  *See United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002) ("The government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime.").  Rather, there must be some logical "connection between the prior and current acts."  *Id*.  Perhaps the most common connection proffered in this vein is that the "gun involved in the uncharged possession is the same or similar to the gun involved in the charged offense."  *United States v. Midyett*, 603 F. Supp. 2d 450, 459 (E.D.N.Y. 2009) (collecting cases).

While "access to firearms" is the most common basis for admitting this kind of evidence, there are other bases as

3

well.  For instance, the evidence may tend to establish that firearm sales or exchanges demonstrate a relationship of trust between defendants.  *United States v. Mercado*, 573 F.3d 138, 140-41 (2d Cir. 2009).  Or that possession showed a defendant's knowledge of, and familiarity with, firearms.  *Garcia*, 291 F.3d at 137; *see also United States v. Smothers*, 652 F. Supp. 3d 271, 304 (E.D.N.Y. 2023).  Or that prior gun-related violence motivated the defendant to keep additional firearms in self-defense.  *United States v. McCain*, 2023 WL 2335332, at *4 (2d Cir. 2023) (summary order).

Here, the proposed video and photographic evidence is admissible for a proper purpose under Rule 404(b).  It shows Castro and Powell carrying handguns within several months of October 2020, when the charged robbery is alleged to have occurred.  *See Garcia*, 291 F.3d at 138 (length of time between the uncharged and charged conduct will affect the probative value of the uncharged conduct).  It therefore shows access to, knowledge about, and comfort with handguns — the same category of firearm that video surveillance evidence suggests both defendants carried during the charged robbery.  *See Garcia*, 291 F.3d at 137; *see also United States v. Slaughter*, 248 F. App'x 210, 212 (2d Cir. 2007) ("Evidence showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon."); *United States v.*

*Robinson*, 560 F.2d 507, 512-13 (2d Cir. 1977) (en banc)
(subsequent possession of .38-caliber handgun admissible where
government alleged used of similar weapons during robbery).

The text messages are also admissible for a proper
purpose.[3]  At the outset, several of the text threads discuss
firearms like those allegedly used in the robbery.  For example,
in one text thread, Powell and Coward discuss the sale of a
"glock p80."  *See* Gov. Supp. Br. 5.  The text messages therefore
explain — with some detail — the nature of the defendants'
access to handguns.  *See Slaughter*, 248 F. App'x at 212.  These
texts also tend to show the "basis of trust" between the
defendants, and to show that Coward (who did not enter the
premises in question) was not an "innocent pawn taken by
surprise by the [use of firearms during the robbery]."  *Mercado*,
573 F.3d at 141 (2d Cir. 2009).[4]  The jury need not be restricted
to seeing only the relatively short video of the alleged robbery
itself.  The government is also entitled to round out the story
of the defendants' access to, and relationship with, guns.  *See*

---

[3]  Though the defendants do not raise a hearsay objection, the chats are
nevertheless admissible as statements of an adverse party under Federal Rule
of Evidence 801(d)(2)(A).  *See United States v. Russo*, 302 F.3d 37, 43 (2d
Cir. 2002).

[4]  While the Court finds that the government's proposed evidence is
admissible under Rule 404(b), it rejects the government's argument that such
evidence is "directly relevant to Powell's felon-in-possession charge."  *See*
Gov. Supp. Br. 6.  That charge pertains to Powell's alleged possession of
three .380 cartridges.  *See* Superseding Indictment 3, ECF No. 78.  Therefore,
evidence that Powell possessed *other* types of ammunition is not "directly
relevant" to the crime with which he was charged, as the government
contended.

*generally Old Chief v. United States*, 519 U.S. 172, 187 (1997)
(noting the importance of "evidentiary richness and narrative
integrity in presenting a case").

None of the government's proposed exhibits are unduly
prejudicial under Rule 403.  The defendants assert that the
firearm evidence should be excluded under Rule 403 because it
carries little probative weight, especially given video footage
showing two defendants brandishing guns during the robbery.  *See*
Powell Opp. to Gov. Mot.'s in Limine 3, ECF No. 205; Coward Opp.
to Gov. Mot.'s in Limine 15, ECF No. 206*; see also Old Chief*,
519 U.S. at 185 (citing 1 John W. Strong, *McCormick on Evidence*
782 & n.41 (4th ed. 1992))(urging consideration of an item's
"marginal probative value . . . relative to the other evidence
in the case").

It is true that the government has introduced video of
firearms possession during the charged crime.  But prior-act
evidence routinely survives Rule 403 balancing when it does not
depict conduct more "sensational or disturbing than the crimes
with which [the defendants have been] charged."  *United States
v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011).  That standard is
satisfied here: the defendants are charged with a violent armed
robbery, while the government's evidence merely indicates the
possession and sale of firearms.  *See United States v. Lauria*,
541 F. Supp. 3d 311, 317 (S.D.N.Y. 2021).  Moreover, the

government has identified at least one case in which evidence of prior firearms possession was admitted over a Rule 403 objection *despite* the fact that surveillance footage from the charged incident showed the defendants wielding guns.  *See Lauria*, 541 F. Supp. 3d at 316-17; Complaint ¶ 10, *United States v. Lauria*, No. 19-CR-449 (S.D.N.Y. Apr. 29, 2019).

Finally, though the Court offered to provide a proper limiting instruction for the jury, *see* Trial Tr. 882:16-25, no defendant submitted proposed language or contemporaneously requested such an instruction.  *See United States v. Cummings*, 858 F.3d 763, 769-70, 776 (2d Cir. 2017) (pre-trial request for limiting instruction as to evidence admitted under Rule 404(b) deemed unpreserved where counsel failed to renew request during trial).  On the contrary, when the Court asked the parties at the charge conference if there were any outstanding requests for limiting instructions, the defense indicated that there were none.  *See* Trial Tr. 1508:24-1509:2.  And in any event, the Court's final jury instructions cover uncharged acts.  *See* 1 Weinstein's Federal Evidence § 105.07 (2024) ("A jury instruction on limited admissibility may be given either as the evidence is admitted or as part of the general charge.").

SO ORDERED.

_/s/ Eric Komitee_____

ERIC KOMITEE
United States District Judge

Dated:    January 31, 2025
          Brooklyn, New York